UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------

MANSOOR HAMOUD HADWAN,

              Plaintiff,

              -against-

UNITED STATES DEPARTMENT OF
STATE, *et al.*

              Defendants.

---------------------------------------------

17cv578

MEMORANDUM & ORDER

WILLIAM H. PAULEY III, Senior United States District Judge:

Defendants move to dismiss the claims against Defendant Special Agent David Howell of the Diplomatic Security Service within the United States Department of State ("Agent Howell") in this Administrative Procedures Act ("APA"), Declaratory Judgment Act, and Bivens action. For the reasons that follow, the claims against Agent Howell are dismissed.

## BACKGROUND

Hadwan was born in Yemen but acquired United States citizenship at birth because his father—Hamoud Hadwan—was a United States citizen. (Third Am. Compl., ECF No. 81 ("Compl."), ¶ 21.) In June 2013, Hadwan travelled to Yemen to apply for immigration benefits for his family. (Compl. ¶ 25.) While at the United States Embassy in Sana'a, Yemen (the "Embassy"), Agent Howell interrogated Hadwan and purportedly coerced him to sign a statement affirming that Hamoud Hadwan was not his biological father. (Compl. ¶¶ 28-31.) As a result of that statement, Embassy officials confiscated his passport. (Compl. ¶ 25.) In March 2014, the Department of State revoked Hadwan's passport on the grounds that it was fraudulently obtained. (Compl. ¶ 37.) The Department of State then conducted a revocation

hearing in the United States, but because Hadwan was denied a limited validity passport, he was unable to attend. (Compl. ¶¶ 38-40.)

In January 2017, Hadwan brought this lawsuit as a mandamus and APA action. (See ECF No. 1.) On July 24, 2018, this Court denied Hadwan's motion to supplement the administrative record. (ECF No. 40.) Accordingly, Hadwan amended his Complaint in November 2018, adding Agent Howell as a Defendant and asserting, inter alia, a claim against him under Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971). (ECF No. 50.) In that Second Amended Complaint, Hadwan did not specify whether Agent Howell was sued in his individual or official capacity. Hadwan never served the Second Amended Complaint on Agent Howell. During a May 2019 pre-motion conference, this Court warned Hadwan's counsel that there were service, relation back, and personal jurisdiction issues with respect to the claims against Agent Howell. (See May 7, 2019 Conference Tr., ECF No. 79 ("Tr.") at 5-8.)

On July 3, 2019, Hadwan filed his Third Amended Complaint, which removed the mandamus claim and asserted APA and Declaratory Judgment Act claims against all Defendants (including Agent Howell) and a Bivens claim against Agent Howell. In support of his claims, Hadwan alleges that the Embassy had a practice of illegally confiscating passports. (Compl. ¶¶ 44-65.) To date, Agent Howell has not been served.

## DISCUSSION

The Government moves to dismiss all claims against Agent Howell. It highlights a cornucopia of infirmities with Hadwan's claims, including that Hadwan: (1) only sued Agent Howell in his official capacity; (2) does not seek money damages, which is the only relief available under Bivens; (3) still has not served Agent Howell in his individual or official

capacity; and (4) cannot assert APA claims against Agent Howell because he did not take final agency action. The Government further argues that Hadwan should not be given leave to replead because any amendments would be futile. Hadwan's primary counterargument is that the Government lacks standing to move to dismiss claims brought against Agent Howell.

As a threshold matter, the Government has standing. The Government appeared for Agent Howell in his official capacity—the only capacity in which he has been sued, according to the Third Amended Complaint—and it obtained representation authority to the extent there are claims against him in his individual capacity. (See Compl. ¶ 11 ("Howell . . . is sued in his official capacity."); Defs.' Reply Mem. of Law, ECF No. 90 ("Reply"), at 3 n.3 ("This Office has also received the necessary representation authority to represent Agent Howell in his individual capacity . . . .").) Accordingly, this Court addresses the merits of the Government's motion.

I. Bivens

The Bivens claim fails for a variety of reasons. As discussed, the Third Amended Complaint explicitly sues Agent Howell only in his official capacity—a death knell to a Bivens claim. (Compl. ¶ 11.) This infirmity is a matter of subject matter jurisdiction and requires immediate dismissal:

> [A Bivens] action . . . must be brought against the federal officers involved in their individual capacities. Under the doctrine of sovereign immunity, an action for damages will not lie against the United States absent consent. Because an action against a federal agency or federal officers in their official capacities is essentially a suit against the United States, such suits are also barred under the doctrine of sovereign immunity, unless such immunity is waived. Therefore, to the extent that [plaintiff]'s claims constituted a Bivens action against [the individual] defendants in their official capacities, they were properly dismissed for want of subject matter jurisdiction.

Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 510 (2d Cir. 1994) (citations and quotation marks omitted); see also Zherka v. Ryan, 52 F. Supp. 3d 571, 578 (S.D.N.Y. 2014)

("Thus, claims against federal employees acting in their official capacities will be dismissed outright, but claims against federal officials acting in their individual capacities will be evaluated on the merits."); Vidurek v. Miller, 2014 WL 901462, at *5 (S.D.N.Y. Feb. 27, 2014) ("To the extent plaintiffs assert claims under Bivens . . . against the IRS or the individual Federal Defendants in their official capacities, such claims are barred by sovereign immunity and the Court is thus without subject jurisdiction over them."). And, notably, because this is a matter of subject matter jurisdiction, whether the Government has standing is irrelevant.[1]

Hadwan's primary counterargument is that sovereign immunity is lifted under Larson v. Domestic & Foreign Commerce Corp., 337 U.S. 682 (1949), because Agent Howell's conduct went beyond the scope of his official authority and was thus ultra vires. Hadwan's counsel fails to explain how Larson applies to his Bivens claim. And, in any event, Hadwan's counsel makes no mention of how Agent Howell's conduct was ultra vires in the Third Amended Complaint and explicitly pleads that Agent Howell is sued in his official capacity. As such, this Court lacks subject matter jurisdiction over the Bivens claim.

Moreover, any amendments would be futile (and even if this Court could exercise jurisdiction, the Bivens claim would still be dismissed). First, Hadwan does not seek money damages in the Third Amended Complaint, and that is the only relief available under Bivens. See Higazy v. Templeton, 505 F.3d 161, 169 (2d Cir. 2007) ("The only remedy available in a Bivens action is an award for monetary damages from defendants in their individual capacities."). Hadwan's argument that his general request for "costs and fees" and "all other

---

[1] Hadwan counters that the mere fact that he brought a Bivens claim implies that he sued Agent Howell in his individual capacity. This argument is meritless, given that it would apply to every Bivens action and courts routinely dismiss Bivens claims brought against defendants only in their official capacities. See Williams, Scott & Assocs., LLC v. United States, 2019 WL 2867017, at *7 (S.D.N.Y. July 3, 2019) (dismissing Bivens claim brought against defendants in official capacities); Rivera v. Fed. Bureau of Prisons, 368 F. Supp. 3d 741, 744 (S.D.N.Y. 2019) ("Magistrate Judge . . . correctly found that Plaintiff's Bivens claims against BOP and against Mitchell in her official capacity should be dismissed."); Zherka, 52 F. Supp. 3d at 578; Vidurek, 2014 WL 901462, at *5.

4

relief this court may deem just and proper" is farfetched. Hadwan's counsel will not be permitted to file a barebones pleading and then seek refuge by asking this Court to read in claims for money damages from catchall phrases tucked into the end of his Third Amended Complaint. See Kortright Capital Partners LP v. Investcorp Investment Advisers Ltd., 327 F. Supp. 3d 673, 688 (S.D.N.Y. 2018) ("[J]udges are not like pigs, hunting for truffles buried in the record." (quotation marks omitted)). Second, Hadwan has still not served Agent Howell and has failed to inform this Court of any efforts he made to do so, despite discussion about service issues at the May 2019 pre-motion conference. Accordingly, even if Agent Howell were sued in his individual capacity and Federal Rule of Civil Procedure 4(f) governed—which is dubious given the explicit language regarding official capacity in the Third Amended Complaint—Hadwan has not made a diligent effort to serve Howell. Almost a year has gone by since Agent Howell was added to this action, and Rule 4(f) "does not give litigants an unlimited time in which to complete service." In re Crysen/Montenay Energy Co., 166 B.R. 546, 553 (S.D.N.Y. 1994).

Third, a Bivens claim would be untimely. Hadwan concedes in his opposition brief that the Bivens action would have accrued in June 2013—when Howell interrogated Hadwan—and that a three-year statute of limitations applied. (See Pl.'s Resp. in Opp'n to Defs.' Mot. to Dismiss, ECF No. 89, at 6-7.) But this action was brought in January 2017—well after the three-year statute of limitations expired. See Chin v. Bowen, 833 F.3d 21, 23-34 (2d Cir. 1987). Thus, even if the Bivens claim related back to the filing of the original complaint—which is doubtful—it would still be untimely. Fourth, and finally, Hadwan's counsel completely fails to address the jurisdictional concerns cited by this Court at the May 2019 pre-motion conference and raised by the Government in its motion. Agent Howell does not reside in New York and

5

none of the alleged conduct occurred in or was directed at New York. Accordingly, the Bivens claim is dismissed with prejudice.

II. APA and Declaratory Judgment Act Claims

The Government also argues that the APA claims against Agent Howell should be dismissed because he is not a proper party. The Government is correct. APA claims may only be brought "against the United States, the agency by its official title, or the appropriate officer." 5 U.S.C. § 703. In "applying that provision, courts have dismissed APA claims brought against those whose conduct, while underlying the actions ultimately being challenged, were not themselves final agency action[s] subject to judicial review." N.Y. Immigration Coalition v. U.S. Dep't of Commerce, 2018 WL 4292673, at *2 (S.D.N.Y. Sept. 7, 2018) (quotation marks omitted). Here, the APA claims all relate to the revocation of Hadwan's passport. And while Agent Howell may have interrogated Hadwan, that merely constitutes conduct "underlying the actions ultimately being challenged," not final agency action. N.Y. Immigration, 2018 WL 4292673, at *2; see Brezler v. Mills, 220 F. Supp. 3d 303, 306 n.1 (E.D.N.Y. 2016). Indeed, Agent Howell played no role in the actual revocation of Hadwan's passport. Hadwan's only counterargument—which he does not support with any case law—is that Howell's actions led to the passport revocation. But that argument fails to address the rule set forth in N.Y. Immigration Coalition. Accordingly, the APA claims against Howell should be dismissed.

Moreover, the Government argues that all claims—namely, the APA and Declaratory Judgment Act claims—should be dismissed because Agent Howell has not been served. Once again, the Government is correct. It has been almost a year since Agent Howell was added to this action and he has still not been served. Moreover, Hadwan has not informed this Court of any efforts at service. Accordingly, the Declaratory Judgment Act claim and the

APA claims—for this additional reason—are dismissed with respect to Agent Howell. See Fed. R. Civ. P. 4(i)(2); Fed. R. Civ. P. 12(b)(5).

## CONCLUSION

For the foregoing reasons, Howell's motion to dismiss is granted. The Clerk of Court is directed to terminate the motion pending at ECF No. 85 and to terminate Agent Howell from the docket. The parties are directed to appear for a status conference on October 31, 2019 at 3:30 p.m.

Dated: October 3, 2019
       New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.