USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/5/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

MANSOOR HAMOUD HADWAN,

                    Plaintiff,

     -against-                                17-CV-578 (VEC)

UNITED STATES DEPARTMENT OF STATE,        ORDER
and UNITED STATES EMBASSY, SANA'A,
YEMEN,

                    Defendants.

------------------------------------------------------------X

VALERIE CAPRONI, United States District Judge:

        WHEREAS on October 31, 2025, the parties submitted letters to the Court, Dkts. 167-168.

        IT IS HEREBY ORDERED that the parties appear on **Wednesday, November 12, 2025, at 10:30 a.m.** in Courtroom 20C of the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, New York, New York 10007.  If Plaintiff's counsel must be overseas at the time of the conference, she may request via letter to the Court filed on ECF to appear via Microsoft Teams.

        IT IS FURTHER ORDERED that the parties be prepared to answer the following questions:

1. The State Department, via Mr. Peek's Declaration, represents that it carried out a diligent search for copies of Mr. Hadwan's expired passport, Dkt. 161-1 at 2-3.  Mr. Hadwan's attorney, Ms. Goldberg, asserts that there could be a copy of the entirety of his expired passport in the CRBA application files for his children, Dkt. 168 at 1-2.  Were those files searched in their entirety?  Is Ms. Goldberg correct that a copy of the United States

citizen parent's passport would exist in a child's CRBA application? If yes, what is the explanation why a copy of Mr. Hadwan's passport is not available?

2. Why does Mr. Hadwan, as he has indicated several times, *see, e.g.*, Dkt. 168 at 2, need certified copies of all the pages of his expired passport?

3. Why is the Embassy requiring Mr. Hadwan to provide a confirmed and ticketed flight itinerary for his travel to the United States? *See* Dkt. 167-2.

4. Mr. Waterman's letter asserts that Mr. Hadwan's children's passports will be issued on an emergency basis, Dkt. 167 at 2 n. 2. Will they be available for pick up at the Embassy at the same time as Mr. Hadwan's passport is available for pick up?

5. Does Mr. Hadwan have a spouse or any children who are currently overseas and who are not entitled to United States passports?

6. Mr. Waterman's letter references "the Court's October 20 order regarding issuance of an emergency passport," Dkt. 167 at 2. There is no such order. There is an Order requiring the State Department to explain why, given the fact that the wrongful actions of the United States Government resulted in a citizen being stranded outside the country for more than a decade, the State Department is not taking reasonable steps to expedite the documents Mr. Hadwan needs so that he and his family may promptly return to the United States, Dkt. 166. Why has the State Department not responded to that portion of the Order?

IT IS FURTHER ORDERED that by **Friday, November 7, 2025**, Plaintiff file under seal the emergency circumstances identified in Mr. Hadwan's October 1, 2025, passport application. Plaintiff must also send a copy to Defendants' counsel.

**SO ORDERED.**

Date: **November 5, 2025**
**New York, New York**

_____
**VALERIE CAPRONI**
**United States District Judge**